# BANK, SHEER, SEYMOUR & HASHMALL
### ATTORNEYS AT LAW
CROSSWEST OFFICE CENTER
399 KNOLLWOOD ROAD
WHITE PLAINS, NEW YORK 10603
(914) 761-9111
FAX (914) 761-9262

MICHAEL S. BANK
NORMAN SHEER
DANIEL A. SEYMOUR
JAY B. HASHMALL


RECEIVED
NOV 18 2008
CHAMBERS OF
STEPHEN C. ROBINSON
U.S.D.J.

November 18, 2008

**BY HAND:**
Honorable Stephen C. Robinson
United States District Court
300 Quarropas Street, Room 633
White Plains, New York 10601-4150

**MEMO ENDORSED**

Re: Beecher v. Riverdale
    08 CIV 6062 (SCR)

Dear Judge Robinson,

I represent defendants Riverdale Riding Corporation d/b/a River Ridge Equestrian Center, Jeanne Ruh, and Theodore Beale, Jr. I also represent defendant Charles Rustin Holzer.

Pursuant to your individual rules of practice, I respectfully request a pre-motion conference seeking leave to file a motion to vacate a partial default judgment entered against defendant Charles Holzer on November 17, 2008.

I submit that the motion to vacate the partial default judgment should, under these circumstances, be granted. The following facts are germane to the determination of the instant motion.

Plaintiff Roxanne Torres Beecher, an attorney licensed to practice in the United States District Court has commenced a total of eight (8) plenary actions against various defendants all arising out of the operation of a equestrian center/stable located in Eastchester, New York.

A pro-se complaint sounding in violations of the RICO statute was previously filed by Ms. Beecher in the Southern District of New York (Beecher v. Riverdale, et al 08 CIV 2934 (SCR)). I appeared on behalf of defendant Riverdale on May 30, 2008. On July 25, 2008, Magistrate Fox signed an Order of Discontinuance with prejudice as to this action.

A second pro-se complaint was filed by Ms. Beecher on July 2, 2008 (Beecher v. Riverdale, et al 08 CIV 6062 (SCR)). Plaintiff amended her complaint on September 3, 2008. Service of process upon defendant Charles Holzer was allegedly made on September 15, 2008.

In late September 2008 and early October 2008, I placed several phone calls to Ms. Beecher to discuss scheduling with respect to the myriad of litigation commenced by her, which was pending in:

1. United States District Court for the Southern District of New York
2. Supreme Court of the State of New York (Westchester County)
3. City Court of the City of White Plains

As had been my custom and practice with Ms. Beecher throughout this litigation, I left messages for her on her business answering machine. Ms. Beecher returned my phone calls, but unfortunately I was out of the office when she did so. When I appeared and answered the second RICO action, I inadvertently neglected to appear for defendant Charles Holzer. I also erred when I failed to formally obtain an extension of time to appear and answer the amended complaint.

On November 12, 2008, I learned that I had committed an error and I advised Ms. Beecher of same requesting that she withdraw her petition for a default judgment against Mr. Holzer. Ms. Beecher declined to do so. The instant application ensues.

Rule 55(c) of the Federal Rules of Civil Procedure provides "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

"Strong public policy favors resolving disputes on the merits." *American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d. Cir.1996). Especially when the case presents issues of fact, doubts should be resolved in favor of a trial on the merits. *L.A. Gear* 1994 WL 455573 (S.D.N.Y. August 23, 1994).

The Courts of the Second Circuit have emphasized the relative liberality with which they view motions to vacate default judgments. *Federal Home Loan Mortg. Corp. v. 666 St. Nicholas Associates*, No. 94 Civ. 4537, 1995 WL 628998 (S.D.N.Y., Oct.25, 1995); *see Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir.1993).

It is well settled that in deciding whether to grant a motion to vacate a default judgment, the issues that need to be considered are: (1) whether the default was willful, (2) whether the defendant has a meritorious defense, and (3) the level of prejudice that may occur to the non-defaulting party if relief is granted. *American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d. Cir.1996).

In this context, it is submitted that defendant Holzer possesses both a reasonable excuse and a meritorious defense necessary to vacate the partial default judgment entered on November 17, 2008.

Moreover, plaintiff will suffer no prejudice if the partial default is vacated. Plaintiff has extended the time in which a co-defendant County of Westchester must appear and answer the complaint until December 31, 2008.

Further, Mr. Holzer did not willfully default. My error in failing to appear and answer for Mr. Holzer, although not to be condoned, does not demonstrate willfulness or an intention to ignore the action or the authority of this Court.

Finally, defendant Holzer possesses a host of meritorious defenses to the claims in this action. Plaintiff concedes that "Mr. Holzer is an absentee lessee who has, other than financial, little interest, if any, in River Ridge and that Anthony Zumpano and Jeanne Ruh run the day-to-day operations of the facility." Thus, the general rule that a corporate officer shall not be liable for the acts of a corporation would bar any recovery against Mr. Holzer individually.

I remain available to address this matter at the Court's convenience.

Very Truly Yours,

BANK, SHEER, SEYMOUR & HASHMALL

By: _____
Daniel A. Seymour   5877

DAS:co

cc:  **BY HAND:**
Roxanne Torres Beecher, Esq.
175 Main Street – Suite 416
White Plains, New York 10601

**BY HAND:**
Anthony DiFiore, Esq.
399 Knollwood Road
White Plains, NY 10603

*Defendant Holzer may file his motion to vacate a partial default judgment by December 22, 2008. Plaintiff has until January 30, 2009 to respond. Defendant has until February 13, 2009 to Reply. The Defendant must notify the Plaintiff of this briefing schedule in writing.*

SO ORDERED:

_____
STEPHEN C. ROBINSON
UNITED STATES DISTRICT JUDGE

11/20/08