UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ROXANNE TORRES BEECHER,

                Plaintiff,

   -against-

RIVERDALE RIDING CORPORATION d/b/a RIVER     08 Civ. 6062 (SCR) (MDF)
RIDGE EQUESTRIAN CENTER, CHARLES RUSTIN
HOLZER, ANTHONY ZUMPANO, JEANNE RUH,         ECF Case
THEODORE BEALE, JR., a/k/a TEDDY BEALE, ABC
CORPORATION, a fictitious corporation, and the
COUNTY OF WESTCHESTER,

                Defendants.
------------------------------------------------------------------X


MEMORANDUM OF LAW IN SUPPORT OF COUNTY OF
WESTCHESTER'S MOTION TO DISMISS THE INSTANT ACTION PURSUANT TO
RULE 12 (b) (1) and 12 (b) (6) OF THE FEDERAL RULES OF CIVIL PROCEDURE


                CHARLENE M. INDELICATO
                Westchester County Attorney
                *Attorney for Defendant*
                *County of Westchester*
                By: Justin D. Pruyne (JP9594)
                Assistant County Attorney, of Counsel
                148 Martine Avenue
                White Plains, New York 10601
                (914) 995-5102

December 30, 2008



# TABLE OF CONTENTS

**TABLE OF AUTHORITIES**..................................................................i,ii,iii

**PRELIMINARY STATEMENT**..............................................................1

**FACTS / PROCEDURAL HISTORY**......................................................1

**ARGUMENT**

    The Complaint Should Be Dismissed for Failure to State Claims Upon Which
Relief May be Granted and Lack of Subject Matter Jurisdiction ..........................3

        A.    Legal Standards on Rule 12(b)(1) and (6) Motions in Civil RICO
Cases.................................................................................................4

            I. FRCP Rule 12 (b)(1)..........................................................4

            II. FRCP Rule 12 (b) (6)..........................................................4

        B.    Plaintiff is Barred From Relitigating Issues Previously Decided by the
New York State Supreme Court..........................................................5

        C.    The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claim
Of "Misfeasance" and Should Decline to Exercise Supplemental
Jurisdiction.........................................................................................8

**CONCLUSION**......................................................................................10

# TABLE OF AUTHORITIES

**CASES**

Allen v. New World Coffee, Inc.
   2002 U.S. Dist. LEXIS 4624 (S.D.N.Y. 2002) ............................................................ 4

Burka v. New York City Transit Authority
   32 F.3d 654 (2d Cir. 1994) .......................................................................................... 8

Casio Computer Co. v. Sayo
   1999 U.S. Dist. LEXIS 14675 (S.D.N.Y. 1996) .......................................................... 4

Commissioner v. Sunnen
   333 U.S. 591, 92 L. Ed. 898, 68 S. Ct. 715 (1948) ..................................................... 8

EDP Med. Computer Sys. v. United States
   480 F.3d 621 (2d Cir. 2007) ........................................................................................ 7

Eisic Trading Corp v. M/V Nedlloyd Marseilles
   1996 U.S. District LEXIS 6593 (S.D.N.Y 1996) ........................................................ 9

Festa v. Local 3, Int'l Board of Elec. Workers
   905 F.2d 35 (2d Cir. 1990) .......................................................................................... 5

Geisler v. Petrocelli
   616 F.2d 636 (2d Cir. 1980) ........................................................................................ 5

Giardina v. Blue Cross & Blue Shield of WNY, Inc.
   1997 U.S. Dist. LEXIS 15394 (W.D.N.Y. 1997). ..................................................... 10

Hameed v. Aldana
   2008 U.S. App. LEXIS 22533 (2d Cir. 2008) ......................................................... 7,8

Harris v. City of New York
   186 F.3d 243 (2d Cir. 1999) ........................................................................................ 5

H. R. Moch Co. v. Rensselaer Water Co.,
   247 N.Y. 160 (1928) .................................................................................................... 6

Hyman, Matter of
   502 F.3d 61 (2d Cir. 2006) .......................................................................................... 7

Kamen v. AT&T Co.
   791 F.2d 1006 (2d Cir. 1986) ...................................................................................... 4

Kaufman v. Eli Lilly & Co.
   65 N.Y.2d 449 (1985). ........................................................................................... 7

Leatherman v. Tarrant Co. Narcotics Intelligence and Coordination Unit
   507 U.S. 163, 113 S.Ct. 1160 (1993) ................................................................. 4,5

Lyndonville Savings Banks & Trust Co. v. Lussier
   211 F.3d 697 (2d Cir. 2000) .................................................................................. 9

Marrese v. American Academy of Orthopaedic Surgeons
   470 U.S. 373, 105 S. Ct. 1327 (1985) ................................................................... 7

Mendel v. Henry Phipps Plaza West, Inc., 6 N.Y.3d 783 (2006) ............................. 6

Prudential Ins. Co. v. Dewey Ballantine, Bushby, Palmer & Wood
   80 N.Y.2d 377 (1992) ........................................................................................... 6

Red Lobster Inns, Inc. v. Lawyers Title Ins. Corp.
   656 F.2d 381 (8th Cir. 1981) ................................................................................. 2

Shipping Financial Services Corp. v. Drakos
   140 F3d. 129 (2d Cir. 1998) .................................................................................. 4

Staehr v. Hartford Fin. Servs. Group
   547 F.3d 406 (2d Cir. 2008) .................................................................................. 4

United Mine Workers v. Gibbs
   383 U.S. 715,  86 S. Ct. 1130 (1966) .................................................................... 9

United Transp. Unions 385 & 77 v. Metro North Commuter
   862 F. Supp. 55 (S.D.N.Y. 1994) .......................................................................... 4

**UNREPORTED CASES**

Beecher et al. v. Riverdale Riding Corporation et al.,
Supreme Court of the State of New York; Index No. 14258/07..Pruyne Dec. Exhs. C & D

Matter of Dismissal for Failure to Perfect – November,
2008 N.Y. Slip Op. 91285 (U) (2d Dep't 2008) ........................... Pruyne Dec. Exh. E

**STATUTES**

18 U.S.C. § 1961 ............................................................................................................. 1

22 NYCRR § 670.8 (h). .................................................................................................. 7

28 U.S.C. § 1367 ............................................................................................................. 9

28 USC § 1331 .............................................................................................................. 10

28 U.S.C. § 1738

525 U.S. 804, 119 S.Ct. 34 (1998); ................................................................................ 4

FRCP Rule 12 ............................................................................................................ 1, 4

FRE Rule 201 ............................................................................................................. 4, 5

Laws of Westchester County Act No. 23-1992............................................................... 5

New York General Municipal Law § 103 ....................................................................... 5

**TREATISES AND RESTATEMENTS**

Prosser, Law of Torts § 92 (4th ed. 1971)....................................................................... 2

Restatement (Second) of Judgments; Ch. 1, at 6 (1982).................................................. 8

## PRELIMINARY STATEMENT

Defendant County of Westchester (hereinafter "County"), by its attorney, Charlene M. Indelicato, Westchester County Attorney (Justin D. Pruyne, Assistant County Attorney, of counsel), submits this memorandum of law in support of its Motion to Dismiss pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure ("FRCP") for failure to state claims upon which relief may be granted and lack of subject matter jurisdiction.

## FACTS/PROCEDURAL HISTORY

The Summons and Amended Verified Complaint ("Complaint")[1] were served upon the County on October 28, 2008 and are annexed to the Declaration of Justin D. Pruyne ("Pruyne Dec.") as Exhibit A, submitted herewith. The following pertinent allegations of the Complaint are necessarily deemed to be true for purposes of this motion:

Plaintiff Roxanne Beecher Torres alleges that since approximately 1998, the named defendants -- <u>with the exception of the County</u> -- have engaged in a pattern of racketeering activities in violation of the Racketeering Influenced and Corrupt Organizations Act("RICO"), 18 U.S.C. § 1961 et seq., in their operation of the River Ridge Equestrian Center (the "Stable").

The Stable is located wholly within Twin Lakes Park (the "Park"), which is owned by the County and located in Eastchester, New York. The Stable is operated by

---

[1] Based upon a review of the Southern District's PACER system, it appears that a prior RICO action, <u>Beecher v. Riverdale Riding Corp. et al.</u>; 7:08-cv-02934 ("<u>Beecher I</u>"), was ordered discontinued on July 25, 2008 by United States Magistrate Judge Mark D. Fox. The County was neither named as a defendant nor appeared as a party in <u>Beecher I</u>.

contract vendor Riverdale Riding Corporation, referred to in the Complaint as defendant "Riverdale." Pruyne Dec., Exh. A, ¶ 19.

The 62-page omnibus Complaint contains virtually no references to the County, and simply characterizes the nature of the action against it as follows:

> The defendant County of Westchester, <u>who is not a member of the RICO enterprise</u>, owner and licensor /lessor of the equestrian center entered into a 20 year lease agreement with the defendant Riverdale without having offered the concession for public bidding and despite numerous breaches of the licensing agreements by defendant Riverdale. The lease agreement was improvidently entered into and was without adequate consideration. The defendant County, intentionally, negligently and/or by its own misfeasance failed to enforce the terms of its licensing and leasing agreements with the defendant Riverdale to the detriment of the plaintiff and the taxpayers of the County of Westchester County. Pruyne Dec., Exh. A, ¶ 5 (emphasis supplied).

Further, Plaintiff specifically states:

There are pendent <u>state law claims</u> of breach of contract, fraud, <u>misfeasance</u>, retaliation and violation of Plaintiff's First Amendment rights, harassment, and the intentional infliction of emotional distress." Pruyne Dec., Exh. A, ¶ 7 (emphasis supplied).

In the last three sentences of the 262-paragraph Complaint, Plaintiff sets forth her sole cause of action against the County, a pendent state law claim entitled "Count Ten Against Defendant County of Westchester – Misfeasance." Pruyne Dec., Exh. A, page 52. Plaintiff's "misfeasance"[2] claim against the County relates to a 2006 written lease agreement (the "Lease") between the County and Riverdale, under which Riverdale operates the Stable in the County Park. Pruyne Dec., Exh. A, ¶ 20-21. In support of this pendent claim, Plaintiff alleges that the County "failed to offer the lease for the North Equestrian Stable at Twin Lakes Park for public bidding, and entered into a lease

---

[2] Although unspecified in the Complaint, "misfeasance" may allege a cause of action sounding in negligence; nonfeasance generally alleges inaction related to a contract. <u>See e.g. Red Lobster Inns, Inc. v. Lawyers Title Ins. Corp.</u>, 656 F.2d 381, 385 (8th Cir. 1981), <u>citing</u> Prosser, <u>Law of Torts</u> § 92 at 617-18 (4th ed. 1971).

2

agreement with the defendant Riverdale and Holzer which was improvident and without adequate consideration" and "negligently and/or with misfeasance failed to enforce the licensing and lease agreements with the defendant Riverdale and Holzer." See Pruyne Dec., Exh. A, ¶¶262-264).[3]

Based upon the foregoing, Plaintiff seeks judgment terminating the County's Lease with Riverdale and permanently enjoining the individual defendants from "licensing, leasing, operating or managing any concessions, leases or licenses of the County of Westchester" and from "being associated in any manner" with the County's Stable. See e.g. Pruyne Dec., Exh. A (page 53 at ¶ 3, page 54 at ¶ 7, page 62 at ¶ 1).

## ARGUMENT

### The Complaint Should Be Dismissed for Failure to State Claims Upon Which Relief May be Granted and Lack of Subject Matter Jurisdiction

As set forth below, the Complaint should be dismissed against the County with prejudice. Plaintiff explicitly states that the County is not a member of the alleged RICO conspiracy. She only asserts a pendent state law claim of "misfeasance" against the County, and the Court should decline to exercise supplemental jurisdiction over the same. Declining jurisdiction is particularly compelling in this case, as Plaintiff had a full and fair opportunity to argue these issues before the New York State Supreme Court in 2007, which, in fact, determined that she lacked standing to enforce or modify the terms of the County's Lease with Riverdale.

---

[3] Plaintiff asserts that Riverdale breached its Lease with the County through "complete and total disregard of [Riverdale's] contractual obligations and responsibilities," by, inter alia, failing to remit rental payments and license fees to the County, failing to make improvements to and/or maintain the Stable, failing to keep adequate records and comply with reporting requirements, failing to secure the Stable and provide veterinary services, and by allowing third parties to park vehicles at the Park without authorization from the County in exchange for cash. Pruyne Dec., Exh. A, ¶ 240.

3

A. **Legal Standards on Rule 12(b)(1) and (6) Motions in Civil RICO Cases**

**I. FRCP Rule 12(b)(1)**

FRCP Rule 12(b)(1) provides for dismissal of a complaint when the federal court "lacks jurisdiction over the subject matter." FRCP Rule 12(b)(1). In considering a Rule 12(b)(1) motion, the court must assume as true factual allegations contained in the Complaint. See Shipping Financial Services Corp. v. Drakos, 140 F3d. 129, 130 (2d Cir. 1998), cert. denied, 525 U.S. 804, 119 S.Ct. 34 (1998); see also Casio Computer Co. v. Sayo, 1999 U.S. Dist. LEXIS 14675 (S.D.N.Y. 1996) (assumption applicable in civil RICO cases). A Court may, however, take judicial notice of certain adjudicative facts in considering a motion to dismiss, if requested by a party and supplied with the necessary information. See Federal Rule of Evidence ("FRE") 401 (d); see also Staehr v. Hartford Fin. Servs. Group, 547 F.3d 406 (2d Cir. 2008).

Moreover, in instances where a motion to dismiss is a factual attack for lack of subject matter jurisdiction and the court reviews the complaint to determine whether there is a factual basis for subject matter jurisdiction, there is no presumption that the allegations are true. See United Transp. Unions 385 & 77 v. Metro North Commuter, 862 F. Supp. 55, 57 (S.D.N.Y. 1994). Therefore, as in this case, the court may consider evidence presented in an affidavit or otherwise in addition to the complaint. See Kamen v. AT&T Co., 791 F.2d 1006, 1011 (2d Cir. 1986).

**II. FRCP Rule 12(b)(6)**

On a Rule 12(b)(6) motion to dismiss, a Court must accept the factual allegations contained in the Complaint as true and draw all reasonable inferences in favor of the non-movant. Allen v. New World Coffee, Inc., 2002 U.S. Dist. LEXIS 4624, *4 (S.D.N.Y. 2002), citing Leatherman v. Tarrant Co. Narcotics Intelligence and Coordination Unit,

507 U.S. 163, 164, 113 S.Ct. 1160 (1993). The issue is whether a plaintiff can prove any set of facts in support of her claim that would entitle her to relief. Harris v. City of New York, 186 F.3d 243, 247 (2d Cir. 1999). The motion is to be granted if the plaintiff can prove no set of facts that would entitle her to relief. The Second Circuit Court of Appeals has stated that a district court's role in considering a motion to dismiss is to assess the legal feasibility of the complaint, not to weigh the evidence that may be presented at trial. See Festa v. Local 3, Int'l Board Of Elec. Workers, 905 F.2d 35, 37 (2d Cir. 1990); see also Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980).

**B.  Plaintiff is Barred from Relitigating Issues Previously Decided by the New York State Supreme Court**

As set forth above, Plaintiff alleges in conclusory fashion that the County entered into the Stable Lease with Riverdale "improvident[ly] and without adequate consideration" and failed to offer the Lease for "public bidding." Pruyne Dec., Exh. A. at page 52, ¶ 263. Even if considered on the merits, such an argument lacks legal basis. Under New York General Municipal Law § 103, real property leases are not subject to public bidding requirements. In addition, the Westchester County Procurement Policy, set forth in Laws of Westchester County Act No. 23-1992, does not require public bidding concerning "real property leases licenses and concessions." A copy of the County Procurement Policy is annexed to the Pruyne Declaration as Exhibit B.

In fact, in August, 2007, Plaintiff sought judicial review of the County/Riverdale Lease and was held to lack standing to do so by the New York State Supreme Court. The County respectfully requests that the Court take judicial notice, pursuant to FRE 201 (d), of an action entitled Beecher et al. v. Riverdale Riding Corporation et al., filed by Plaintiff on August 6, 2007 in the Supreme Court of the State of New York [Westchester

5

Co.] under Index No. 14258/07 (the "State Court Action"). A copy of Plaintiff's Order to Show Cause is annexed to the Pruyne Declaration as Exhibit C.

The State Court Action related to the boarding of four horses at the Stable. Plaintiff requested that the Supreme Court direct the County to enforce certain provisions of the 2006 Lease with Riverdale. In support of her request, Plaintiff alleged that as an owner of a horse boarded at the Stable, she was a third party beneficiary of the Lease. In response, the County and its Parks Commissioner moved to dismiss the Complaint as against them, arguing that Plaintiff lacked standing to enforce or modify the terms of the Lease because she was not an intended third-party beneficiary of the Lease.[4]

On December 10, 2007, New York State Supreme Court Justice Nicholas Colabella converted the County defendants' motion to one for summary judgment, granted it and dismissed the action as against them. A copy of the Decision is annexed to the Pruyne Declaration as Exhibit D.

In the Decision, Justice Colabella accepted the County's argument that Plaintiff was strictly an incidental beneficiary of the County/Riverdale Lease, "no different than the public generally, and therefore <u>lacks standing to enforce the [Lease]</u>." Pruyne Dec.,

---

4 It is well-settled that in order for parties to assert rights under a contract there must be privity of contract between the parties, or a relationship so close as to approach that of privity, such as the intended beneficiary of the contract. See <u>Prudential Ins. Co. v. Dewey Ballantine, Bushby, Palmer & Wood</u>, 80 N.Y.2d 377, 382 (1992). A party asserting third-party beneficiary rights under a contract must establish "(1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for [their] benefit and (3) that the benefit to [them] is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate [them] if the benefit is lost." <u>Mendel v. Henry Phipps Plaza West</u>, Inc., 6 N.Y.3d 783 (2006), quoting <u>Burns Jackson Miller Summit & Spitzer v. Lindner</u>, 59 N.Y.2d 314, 336 (1983). Moreover, contracts entered into with municipal authorities (i.e. the County) are held to a high level of scrutiny because they are often meant to benefit the public at large, rather than one intended beneficiary. See <u>H. R. Moch Co. v. Rensselaer Water Co.</u>, 247 N.Y. 160 (1928).

6

Exh D, page 2.  Plaintiff failed to prosecute an appeal in the case and, on December 8, 2008, the matter was fully and finally dismissed by the Appellate Division, Second Judicial Department, pursuant to 22 NYCRR § 670.8 (h).  See Matter of Dismissal for Failure to Perfect – November, 2008 N.Y. Slip Op. 91285 (U) (2nd Dep't 2008) (unreported to date), annexed to the Pruyne Declaration as Exhibit E.

"The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute, which provides that state judicial proceedings 'shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken.'" Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 380, 105 S. Ct. 1327, 1331 (1985) citing 28 U.S.C. § 1738.  Under New York law, the doctrine of collateral estoppel bars relitigation of an issue when: (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action. In re Hyman, 502 F.3d 61 (2d Cir. 2006), citing Kaufman v. Eli Lilly & Co., 65 N.Y.2d 449, 455-56 (1985).

Moreover, the doctrine of *res judicata* "bars later litigation if [an] earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." Hameed v. Aldana, 2008 U.S. App. LEXIS 22533, *3 (2d Cir. 2008), quoting EDP Med. Computer Sys. v. United States, 480 F.3d 621, 624 (2d Cir. 2007). The Second Circuit Court of Appeals has stated that "[i]n applying the doctrine of *res judicata,* we bear in mind that "a state court judgment has the same preclusive effect in

federal court as the judgment would have had in state court." Hameed, supra, at *3, quoting Burka v. New York City Transit Authority, 32 F.3d 654, 657 (2d Cir. 1994). While *res judicata* precludes parties from relitigating issues that were, or could have been, raised in a prior action, collateral estoppel prohibits a party from re-litigating an issue that has been actually litigated. See Commissioner v. Sunnen, 333 U.S. 591, 597, 92 L. Ed. 898, 68 S. Ct. 715 (1948); Restatement (Second) of Judgments; Ch. 1, at 6 (1982).

In the instant matter, Plaintiff is collaterally estopped from relitigating her claims concerning the Lease and barred by *res judicata*. She had a full and fair opportunity to litigate issues concerning the Riverdale Lease in the State Court Action and was rejected in her attempt to do so. There is direct identity of issues and parties -- the same Plaintiff, the County of Westchester and the subject Lease with River Ridge. After having been determined to lack standing to enforce the terms of the Lease, Plaintiff abandoned her appeal of the State Court Action and now seeks a 'second bite at the apple' before this Court. She is precluded from doing so by the foregoing doctrines, and her solely pendent state law claims of "misfeasance" against the County must be dismissed.

C.  **The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claim of "Misfeasance" and Should Decline to Exercise Supplemental Jurisdiction**

Assuming, *arguendo*, that the Court determines Plaintiff is not barred from relitigating issues concerning the County's Lease, it should nevertheless decline to exercise pendent jurisdiction over the same. As indicated above, Plaintiff explicitly states that "the defendant County of Westchester ... is not a member of the RICO enterprise." Pruyne Dec., Exh. A, ¶ 5. She admittedly only asserts a pendent state law claim for

8

"misfeasance" against the County, concerning its alleged failure to enforce certain Lease provisions. Pruyne Dec., Exh. A, ¶ 7 and page 52.

28 U.S.C. § 1367 (a) states that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." "This power to hear related state law claims is called pendent jurisdiction. Pendent jurisdiction exists only where the state and federal claims comprise one case under Article III, tested by whether they share a 'common nucleus of operative fact,' such that the plaintiff would ordinarily be expected to try them all in one judicial proceeding." Lyndonville Savings Banks & Trust Co. v. Lussier, 211 F.3d 697, 704 (2d Cir. 2000), quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S. Ct. 1130 (1966).

A district court may, however, decline to exercise supplemental jurisdiction over a claim for a variety of reasons, such as if the claim raises a novel or complex issue of state law, if the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it has original jurisdiction, or for other compelling reasons. See 28 U.S.C. § 1367 (c). In addition, a district court may decline to exercise supplemental jurisdiction if the state and federal claims do not share a common nucleus of operative facts. See Eisic Trading Corp v. M/V Nedlloyd Marseilles, 1996 U.S. District LEXIS 6593 (S.D.N.Y 1996).

The exercise of supplemental jurisdiction over a proposed claim is inappropriate where such a claim is unrelated to the federal claims asserted, particularly where the same would "require additional discovery into matters unrelated to the [federal claim],

9

add defendants with no involvement in such [federal claim] and seek new forms of relief." Giardina v. Blue Cross & Blue Shield of WNY, Inc., 1997 U.S. Dist. LEXIS 15394 (W.D.N.Y. 1997).

In the present case, the "misfeasance" cause of action asserted against the County not only predominates over any other claims against it, it is the only claim asserted it at all. Plaintiff specifically states that she is not asserting a civil RICO claim against the County, which would provides this Court with original jurisdiction by way of a "federal question." See 28 USC § 1331. In addition, despite the fact that they share no common nucleus of operative facts, Plaintiff is essentially attempting to prosecute two wholly separate actions in one venue -- a civil RICO claim against multiple defendants, and an action to vitiate the County's Lease with Riverdale. Elements of proof, theories of liability, witnesses and facts concerning each of the two 'cases' are markedly different, and supplemental jurisdiction should be declined. Finally, a clear 'compelling reason' to decline jurisdiction is to afford full faith and credit to the decision issued in the State Court Action, which decided the issues resubmitted to this Court one year ago this month.

Accordingly, it is respectfully requested that the Court decline to exercise supplemental jurisdiction over Plaintiff's "misfeasance" claim asserted against the County and dismiss the Complaint with prejudice.

## CONCLUSION

It is respectfully submitted that this Honorable Court grant the County of Westchester's motion to dismiss the Complaint in its entirety, as Plaintiff fails to state any claims upon which relief may be granted and it lacks jurisdiction over the claims as

alleged, together with costs, fees, disbursements and such other and further relief as it deems just and proper.

Dated: White Plains, New York
       December 30, 2008

CHARLENE M. INDELICATO
Westchester County Attorney

By: _____
Justin D. Pruyne (JP 9594)
Assistant County Attorney, of Counsel
148 Martine Avenue, 6th Floor
White Plains, New York 10601
(914) 995-5102

## **AFFIDAVIT OF SERVICE BY REGULAR MAIL**

STATE OF NEW YORK      )
                                           ) ss.:
COUNTY OF WESTCHESTER   )

JOSEPHINE BELSITO, being duly sworn, deposes and says:

I am not a party to this action, I am over 18 years of age; I am employed in WHITE PLAINS, NEW YORK.

On December 30, 2008, I served one copy of the within **NOTICE OF MOTION, DECLARATION OF JUSTIN D. PRUYNE IN SUPPORT OF MOTION TO DISMISS and MEMORANDUM OF LAW** (Re: Roxanne Torres Beecher v Riverdale Riding Corporation d/b/a River ridge of Equestrian Center, Charles Rustin Holzer, Anthony Zumpano, Jeanne Ruh et al., 08 Civ. 6062 (SCR) (MDF) on the following:

ROXANNE BEECHER TORRES (RB6893)
*Plaintiff Pro Se*
175 Main Street, Suite 416
White Plains, New York 10601

QUINN MELLEA AND GIOFFRE
*Attorneys for Defendant Anthony Zumpano*
399 Knollwood Road
White Plains, New York 10603

BANK SHEER SEYMOUR & HASHMALL
*Attorneys for Defendant Riverdale Riding Corporation,*
*Charles Rustin Holzer, Jeanne Ruh, and Theodore Beale, Jr.*
399 Knollwood Road
White Plains, New York 10603

being the address designated for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

JOSEPHINE BELSITO

Sworn to before me this
30th day of December 2008

NOTARY PUBLIC

JUSTIN D. PRUYNE
Notary Public, State Of New York
No. 02PR6070937
Qualified In Westchester County
Commission Expires 03/11/20