Richard G. Menaker (RM-4716)
Allison C. Pierre (AP-8980)
Menaker & Herrmann LLP
10 East 40th Street
New York, New York 10016
(212) 545-1900
*Attorneys for Defendants*
*Anthony Zumpano and Jeanne Ruh*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ROXANNE TORRES BEECHER,

       Plaintiff,      08 CIV. 6062

   -against-

                 **DECLARATION**
RIVERDALE RIDING CORPORATION d/b/a   **OF ANTHONY**
RIVER RIDGE EQUESTRIAN CENTER,     **ZUMPANO**
CHARLES RUSTIN HOLZER a/k/a RUSTY
HOLZER, ANTHONY ZUMPANO, JEANNE
RUH, THEODORE BEALE, JR., a/k/a TEDDY
BEALE, ABC CORPORATION, a fictitious
corporation, and the COUNTY OF
WESTCHESTER,

       Defendants.

------------------------------------------------------------------X

   ANTHONY ZUMPANO, pursuant to 28 U.S.C. § 1746, declares as follows:

   1.  I am a defendant in the above-referenced action and am personally familiar with the matters set forth herein.

   2.  In 1997 or 1998, the owner of Riverdale Riding Corporation, which does business under the name River Ridge Equestrian Center ("River Ridge"), Charles

Rustin Holzer, hired me to work as a part-time stable manager at River Ridge which, among other things, operates a stable for boarding horses. I work full time for the New York Times. I am a delivery truck driver for the paper and have worked there since 1987.

3. My duties as a part-time stable manager were to insure the safety and care of the horses and manage the daily operation of the stable that housed them. I supervised the distribution of the horses' feed and medications. I also supervised the cleaning of the horses' stalls and any necessary minor repairs to the stable.

4. I performed my duties under the supervision of Holzer, who would instruct me about stable operations and maintenance. Holzer has at all times made the final decisions regarding stable management.

5. I had no involvement whatsoever in the preparation or filing of River Ridge's federal or state tax returns and had no contact with any bank with which it did business. I have no ownership interest in or control over River Ridge. I did not participate in any alleged attempt to evict plaintiff from River Ridge. Plaintiff continues to board her horse at River Ridge.

6. I have never communicated with Plaintiff by email, mail, or telephone.

7. I deny the allegations in the Amended Verified Complaint insofar as they concern me.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 8, 2009.

_____
ANTHONY ZUMPANO