Richard G. Menaker (RM-4716)
Allison C. Pierre (AP-8980)
Menaker & Herrmann LLP
10 East 40th Street
New York, New York 10016
(212) 545-1900
*Attorneys for Defendants*
*Anthony Zumpano and Jeanne Ruh*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

ROXANNE TORRES BEECHER,

                                  Plaintiff,       :     08 CIV. 6062

                   -against-

RIVERDALE RIDING CORPORATION d/b/a RIVER
RIDGE EQUESTRIAN CENTER, CHARLES
RUSTIN HOLZER a/k/a RUSTY HOLZER,
ANTHONY ZUMPANO, JEANNE RUH,
THEODORE BEALE, JR., a/k/a TEDDY BEALE,
ABC CORPORATION, a fictitious corporation, and
the COUNTY OF WESTCHESTER,

                               Defendants.

-------------------------------------------------------------X

# DEFENDANTS' MEMORANDUM IN
## SUPPORT OF MOTION FOR SUMMARY JUDGMENT

May 12, 2009

## Table of Contents

Page

Table of Authorities .................................................................... ii – iv

PRELIMINARY STATEMENT ............................................................ 1

STATEMENT OF FACTS .................................................................. 2

      A.    The Amended Verified Complaint ............................................ 3

            1.    RICO Claims Related to Zumpano and Ruh ...................... 4
            2.    First Amendment Claim ............................................ 6
            3.    State Claims ......................................................... 6

ARGUMENT ................................................................................ 7

I.    Plaintiff's Civil RICO Claims Should Be Dismissed ........................... 7

      A.    Summary Judgment Standards under Fed. R. Civ.P.12(c) and 56 ........ 7
      B.    Beecher Has No Standing to Assert RICO Claims ......................... 8
      C.    The Complaint Does Not Plead RICO Violations ......................... 9

II.    Plaintiff's First Amendment Claim Should Be Dismissed ..................... 13

III.    The State Law Claims Should Be Dismissed ................................... 14

CONCLUSION ............................................................................ 16

## Table of Authorities

**Cases**

*Air China Ltd. v. Nelson Li*
    2009 WL 857611 (S.D.N.Y.)................................................................ 11

*Air Crash at Belle Harbor v. Am. Airlines, Inc.*
    508 F.Supp.2d 244 (S.D.N.Y. 2007)..................................................... 7

*Anderson v. Liberty Lobby, Inc.*
    477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)........................ 7

*Azrielli v. Cohen Law Offices*
    21 F.3d 512 (2d Cir. 1994).................................................................. 10

*Chanayil v. Gulati*
    169 F.3d 168 (2d Cir. 1999)................................................................ 11

*Cine 42nd St. Theater Corp. v. Netherlander Org., Inc.*
    609 F. Supp. 113 (S.D.N.Y. 1985)...................................................... 14

*Evans v. Verdon*
    1992 WL 486299 (E.D.N.Y.)............................................................. 13

*Gherini v. Lagomarsino*
    258 Fed.Appx. 81 (9th Cir. 2007)....................................................... 8

*Hartman v. 536/540 E.5th Str. Equities, Inc.*
    19 A.D.3d 240, 797 N.Y.S.2d 73 (1st Dep't 2005)............................... 15

*Hecht v. Commerce Clearing House, Inc.*
    897 F.2d 21 (2d Cir. 1990).................................................................. 8

*Jerry Kubecka, Inc. v. Avellino*
    898 F.Supp.963 (E.D.N.Y. 1995) ....................................................... 9

*Jones v. Apfel*
    66 F. Supp. 2d 518 (S.D.N.Y. 1999)................................................... 7

*Kimm v. Chang Hoon Lee and Champ, Inc.*
    196 Fed. Appx. 14 ............................................................................. 8

*Manson v. Stacecu*
  11 F.3d 1127 (2d Cir. 1993)............................................................ 9

*Moody v. Morris*
  2009 WL 976629 (S.D.N.Y. 2009)................................................. 11

*Moore v. PaineWebber, Inc.*
  189 F.3d 165 (2d Cir. 1999)............................................................ 10

*Moss v. Morgan Stanley*
  719 F.2d 5 (2d Cir. 1985)............................................................... 10

*O'Malley v. O'Neill*
  887 F.2d 1557 (11th Cir. 1989)...................................................... 8

*Quintana v. Medical Research Assoc., P.C.*
  1995 WL 567122 (S.D.N.Y. 1995)................................................. 14

*Rivera v. S. Apfel*
  2000 WL 1201545 (S.D.N.Y.).......................................................... 7

*S.Q.K.F.C. v. Bell Atlantic Tricon Leasing Corp.*
  84 F.3d 629 (2d Cir. 1996)............................................................ 10

*Society for the Advancement of Educ., Inc., v. Gannett Co., Inc.*
  1999 WL 33023 (S.D.N.Y.).............................................................. 7

*State Farm Mutual Auto. Ins. Co. v. Valery Kalika, M.D.*
  2006 WL 6176152 (E.D.N.Y.)........................................................ 10

*United Bhd. of Carpenters and Joiners v. Scott*
  463 U.S. 825, 103 S.Ct. 3352 (1983).......................................... 13

*United Mine Workers of Am. v. Gibbs*
  383 U.S. 715, 86 S.Ct. 1130 (1966)............................................ 14

*United States of America v. Gelb*
  700 F.2d 875 (2d Cir. 1983)......................................................... 10

*United States v. Allen*
  155 F.3d 35 (2d Cir. 1998)........................................................... 10

*United States v. Barrett*
    178 F.3d 643 (2d Cir. 1999) ..................................................................... 12

*United States v. Sage*
    412 F.Supp.2d 406 (2d Cir. 2006) .............................................................. 7

*United States v. Stavroulakis*
    952 F.2d 686 (2d Cir. 1992) ..................................................................... 12

**Statutes**

18 U.S.C. § 1343 ......................................................................................... 4, 10
18 U.S.C. § 1962 ............................................................................................. 8
18 U.S.C. § 1341 ............................................................................................. 4
18 U.S.C. § 1344 ......................................................................................... 4, 12
18 U.S.C. § 1961 ......................................................................................... 5, 10

**Rules**

Fed. R. Civ. P. 12 (c) ..................................................................................... 7, 8
Fed. R. Civ. P. 56 ......................................................................................... 7, 8
Fed. R. Civ. P. 9(b) ..................................................................................... 10, 11

## PRELIMINARY STATEMENT

Plaintiff Roxanne Torres Beecher ("Beecher"), an attorney who boards a horse at the River Ridge Equestrian Center ("River Ridge") in Eastchester, New York, has brought a civil RICO action against River Ridge, its owner, Charles Holzer ("Holzer"), its stable manager, Anthony Zumpano ("Zumpano"), its office secretary and riding instructor, Jeanne Ruh ("Ruh"), and its accountant, Theodore Beale, Jr. ("Beale"), alleging predicate acts of mail fraud and/or wire fraud (the filing of false tax returns on behalf of the stable), and (unspecified) bank fraud. Beecher further claims that River Ridge, Holzer, Zumpano and Ruh have violated her First Amendment rights. She also asserts pendent state claims against River Ridge for breach of contract, against all defendants except Westchester County for fraud, and against River Ridge, Holzer, Zumpano and Ruh for harassment, and intentional infliction of emotional distress. Finally, Beecher sues Westchester County for alleged "misfeasance."

Beecher has no standing to assert RICO claims based on alleged tax evasion and bank fraud, and her claims are insufficient to establish the elements of RICO. Beecher's First Amendment claim is meritless because she fails to allege state action. Accordingly, the Court should grant summary judgment dismissing Beecher's federal claims.

Beecher's state claims should also be dismissed because this Court should not retain state law claims when the federal ones on which jurisdiction are based are dismissed. The state claims are also insufficient on their face, and there

is no such thing in New York as a civil cause of action for harassment. Accordingly, the Court should grant the motion of defendants Zumpano and Ruh for judgment on the pleadings or for summary judgment dismissing the entire Amended Verified Complaint (the "Complaint") or, in the alternative, dismissing it as to Zumpano and Ruh.

## STATEMENT OF FACTS

Zumpano has worked at River Ridge as a part-time stable manager since 1997 or 1998. His full time job is working for the New York Times as a delivery truck driver for the paper. He has worked there since 1987 (Zumpano Decl. ¶ 2).

As a part-time stable manager, his duties are to ensure the safety and care of the horses. He manages the daily operation of the stable that houses the horses and supervises the distribution of the horses' feed and medications. He also supervises the cleaning of the horses' stalls and any necessary minor repairs to the stable (Zumpano Decl. ¶ 3).

Zumpano has never had any involvement in the preparation or filing of River Ridge's tax returns or dealt on its behalf with any bank, has never had any ownership interest in or control over River Ridge, and has never communicated with Beecher by email, mail, or telephone (Zumpano Decl. ¶¶ 5-6).

Ruh has worked as the stable's office secretary and as a riding instructor since 2007, and was previously employed there from 2002-2004. Ruh markets trail rides and lessons. She hires riding instructors and maintains lesson

records and instructors' schedules. She also keeps records of horse boarding agreements and takes the boarders' rental payments, but otherwise has little interaction with horse boarders (Ruh Decl. ¶ 3).

During weekdays, Ruh conducts after-school riding programs for children and on weekends schedules pony parties. She also schedules day-long riding lessons and works in the office on various administrative tasks. During the summer, she schedules summer camp riding programs for children. She performs her duties under the supervision of Holzer and, like Zumpano, has never had any involvement with River Ridge's tax returns or dealt with its banks, has never had any ownership interest in or control over River Ridge, and has never communicated with Beecher by mail, email, or telephone (Ruh Decl. ¶¶ 4-6).

Zumpano and Ruh have never participated in any scheme to defraud the boarders of horses at River Ridge or the taxpayers of Westchester County. Beecher continues to board her horse at River Ridge (Zumpano Decl. ¶ 5; Ruh Decl. ¶ 5).

## A.    The Amended Verified Complaint

Beecher alleges that River Ridge, Holzer, Zumpano, Ruh, and Beale created and participated in a fraudulent financial racketeering scheme to defraud the River Ridge horse boarders and Westchester County taxpayers in violation of RICO (Compl. ¶¶ 1, 3-4). She alleges in conclusory terms that these defendants engaged in a pattern of racketeering activity "across State lines" over the past 10

years, consisting of predicate acts of mail and/or wire fraud under 18 USC § 1341

and § 1343, and bank fraud under 18 USC § 1344 (Compl. ¶¶ 2-3).

Beecher also claims they failed to pay rent, maintain River Ridge,

make capital improvements/renovations (Compl. ¶ 4), or pay sales tax to the New

York Department of Taxation and Finance, and that they evaded payment of New

York State and Federal income tax by:

> failing to (a) report bartered income, (b) properly
> identify individuals providing services as employees,
> understating employees and/or independent contractors
> income, (c) pay salaries and report income made by
> employees and/or independent contractor, (d) withhold
> social security and Medicare taxes and to pay the
> appropriate employment taxes and workers'
> compensation insurance for defendant Riverdale's
> employees and (e) to report cash income . . .
> (Compl. ¶ 4).

Beecher claims they converted corporate assets, altered boarder

checks, and unlawfully leased county–owned property to third parties for personal

gain, gained financially at the expense of the boarders, and violated child labor

laws by hiring under-aged children and paying them less than minimum wage

(Compl. ¶ 4).

1. *RICO Claims Related to Zumpano and Ruh*

In each of Counts Two, Three and Four, Beecher alleges in totally

conclusory terms that Zumpano and Ruh participated in a RICO enterprise of

individuals associated in fact, whose activities affected interstate and foreign

commerce, and that they committed or cooperated in the commission of two or

more predicate acts of RICO in a manner threatening continuity of such activities. The three RICO counts themselves do not specify the alleged predicate acts under Section 1961(1) (b).

In paragraphs 2 and 3, however, the Complaint alleges that the RICO predicate acts consist of mail and/or wire fraud and bank fraud, and in the 218 paragraphs preceding Count One, Beecher alleges upon information and belief that Zumpano and Ruh:  (1) provided incomplete fiscal reports to Westchester County to make Westchester County believe that the Equestrian Center made little money, thereby furthering their alleged scheme to evade payment of sales and income taxes (Compl. ¶¶ 97-98); (2) gave preferential treatment to some boarders by negotiating different rates for select boarders and did not maintain detailed billing records relating to the select boarders (Compl. ¶¶ 112-116); (3) overcharged the boarders by charging higher fees for board, turnout, riding lessons and trail rides (Compl. ¶ 118); (4) failed to pay over sales taxes due to the New York Department of Taxation and Finance (Compl. ¶ 125); (5) failed to report bartered and cash income (Compl ¶¶ 129-135); (6) failed to identify individuals providing services as employees (Compl. ¶¶ 136-140); (7) underestimated employees' and contractors' income (Compl. ¶¶ 140-149); (8) failed to pay salaries to and report income made by River Ridge's assistant manager and the barn manager of River Ridge (Compl. ¶¶ 150-158); (9) hired unlicensed individuals to act as the barn veterinarians (Compl. ¶ 159-161); (10) violated state and federal child labor laws (Compl. ¶¶ 162-177); (11) failed to obtain permits and licenses (Compl. ¶¶ 173-

175); (12) mistreated stable horses (Compl. ¶¶ 176-183); and (13) converted corporate assets.

Beecher also alleges upon information and belief that Zumpano failed to maintain the riding rings (Compl. ¶¶ 102-107), failed to provide adequate security for the stable, altered checks drawn by unidentified boarders, and unlawfully leased County-owned property north of the Stable to various third parties (Compl. ¶¶ 108, 198-201, 202-206).

2.    *First Amendment Claim*

In Count Seven, Beecher alleges that Zumpano and Ruh violated her First Amendment rights by attempting to evict her and denying her various rights as a boarder in retaliation for Beecher's exposure of their alleged illegal activities (Compl. ¶¶ 207, 208-218).

3.    *State Claims*

As pendent state claims, Beecher alleges breach of contract against River Ridge (Count Five), fraud against River Ridge, Holzer, Zumpano, Ruh and Beale (Count Six), harassment and intentional infliction of emotional distress against River Ridge, Holzer, Zumpano and Ruh (Counts Eight and Nine), and malfeasance against Westchester County (Count Ten). She also seeks to pierce River Ridge's corporate veil to impose personal liability on Holzer (Count One).

## **ARGUMENT**

### I.    **Plaintiff's Civil RICO Claims Should Be Dismissed.**

#### A.    **Summary Judgment Standards under Fed. R. Civ. P. 12(c) and 56.**

A motion for judgment on the pleadings may be granted under Fed. R. Civ. P. 12 (c). "A Rule 12(c) motion may be granted 'where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings.'" *Society for the Advancement of Educ., Inc., v. Gannett Co., Inc.*, 1999 WL 33023 *4 (S.D.N.Y.); *Rivera v. S. Apefel*, 2000 WL 1201545 *1 (S.D.N.Y.); *Jones v. Apfel*, 66 F. Supp. 2d 518, 522 (S.D.N.Y. 1999).

"A motion for summary judgment may be granted under Rule 56 of the Federal Rules of Civil Procedure if the entire record demonstrates that 'there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." *United States v. Sage*, 412 F.Supp.2d 406, 411 (2d Cir. 2006); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L. Ed. 2d 202 (1986).

Here, the pleading is frivolous on its face, and there are no genuine issues as to any material fact. *Air Crash at Belle Harbor v. Am. Airlines, Inc.*, 508 F.Supp.2d 244 (S.D.N.Y. 2007) (summary judgment when no material facts in dispute); *United States v. Sage*, 412 F.Supp.2d 406, 412 (S.D.N.Y. 2006) (moving party entitled to judgment as a matter of law under Rule 56 when no genuine issue

as to any material fact). Accordingly, this Court should enter judgment in favor of defendants under Fed. R. Civ. P. 12(c) and 56.

### B.    Beecher Has No Standing to Assert RICO Claims.

Beecher has no standing to assert her RICO claims because she has not alleged that defendants' alleged conduct proximately caused injury to her business or property. In order to have standing in a private civil RICO action, Beecher must show: (1) a violation of 18 U.S.C. § 1962; (2) injury to her business or property; and (3) causation of the injury by the violation. *Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 23 (2d Cir. 1990); *O'Malley v. O'Neill,* 887 F.2d 1557, 1561 (11th Cir. 1989).

Beecher lacks standing because she has not alleged concrete financial loss or injury to her business or property. *Kimm v. Chang Hoon Lee and Champ, Inc.*, 196 Fed. Appx. 14, 1 (2d Cir. 2006) (complaint dismissed when plaintiff failed to demonstrate standing because no showing that plaintiff had been injured in her business or property by the conduct constituting the violation); Rakoff, *supra*, at 1.07; *Gherini v. Lagomarsino*, 258 Fed. Appex. 81, 81-84 (9th Cir. 2007) ("Ghereni does not have standing to bring his RICO challenge. Because he never had a property interest in the Ghereni Ranch, Ghereni was not 'injured in his business or property by reason of a [RICO] violation.'").

In her complaint Beecher purports to sue on behalf of Westchester County taxpayers and River Ridge's horse boarders (Compl. ¶ 4). Beecher cannot sue in a representative capacity as though she is a shareholder suing on behalf of a

corporation. *See Manson v. Stacecu*, 11 F.3d 1127, 1131 (2d Cir. 1993) ("A shareholder generally does not have standing to bring an individual action under RICO to redress injuries to the corporation in which he owns stock . . . the shareholder's injury is not related directly to the defendant's injurious conduct"); *Jerry Kubecka, Inc. v. Avellino*, 898 F. Supp. 963 (E.D.N.Y. 1995) (individual who was sole shareholder of two corporations lacked standing to bring RICO claims where his injury was contingent on harm sustained by corporations). Beecher cannot sue on her own behalf as a taxpayer or on behalf of other taxpayers because she has not alleged injury to her business or property.

Beecher is only a boarder at River Ridge and a Westchester County taxpayer; therefore she has not sustained a direct injury. Indeed, it is impossible to ascertain the amount of Beecher's damages attributable to defendants' alleged wrongful conduct. Accordingly, since Beecher has no standing to assert her RICO claims, the Court has no subject-matter jurisdiction over Beecher's RICO claims and should dismiss them.

### C.    The Complaint Does Not Plead RICO Violations.

This Court should dismiss Beecher's RICO claims for the further reason that Beecher has failed to plead the elements of a RICO violation. Beecher must plead a violation of the RICO statute, 18 U.S.C. § 1962, by alleging the existence of seven elements:

> (1) that the defendant[s] (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly

> invests[] in, or maintains[] an interest in or participates[] in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce.

*Moss v. Morgan Stanley*, 719 F.2d 5, 17 (2d Cir. 1985); *United States v. Allen*, 155 F.3d 35, 40 (2d Cir. 1998); *Azrielli v. Cohen Law Offices*, 21 F.3d 512, 520 (2d Cir. 1994); *State Farm Mutual Auto. Ins. Co. v. Valery Kalika, M.D.*, 2006 WL 6176152 *13 (E.D.N.Y.). The allegations of the Complaint do not set forth any of the predicate acts of RICO enumerated in Section 1961(1), and do not describe activities that affected interstate or foreign commerce.

Beecher attempts to satisfy both the "pattern" and "racketeering activity" elements of RICO by alleging in conclusory terms that defendants committed at least two acts of mail and/or wire fraud (Compl. ¶ 3). A complaint alleging mail and/or wire fraud must show "(1) the existence of a scheme to defraud, (2) defendant's knowing participation in the scheme, and (3) the use of interstate mails or transmission facilities in furtherance of the scheme." *S.Q.K.F.C. v. Bell Atlantic Tricon Leasing Corp.*, 84 F.3d 629, 633 (2d Cir. 1996); *United States of America v. Gelb*, 700 F.2d 875, 879 (2d Cir. 1983); 18 U.S.C § 1343. In order to successfully plead a fraud claim, the complaint must set forth both motive and opportunity to commit fraud or allege facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness. *Id.* Fraud also must be pleaded with particularity. Fed. R. Civ. P. 9(b).

At a minimum, the requirements of Fed. R. Civ. P. 9(b) for pleading fraud must be met. *Moore v. PaineWebber, Inc.*, 189 F.3d 165, 173 (2d Cir. 1999)

("Rule 9(b) calls for the complaint to specify the statements it claims are false or misleading, give particulars as to the respect in which plaintiffs contend statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements"); *Moody v. Morris,* 2009 WL 976629*5 (S.D.N.Y. 2009); *Air China Ltd. v. Nelson Li,* 2009 WL 857611*3 (S.D.N.Y.); *Chanayil v. Gulati,* 169 F.3d 168 (2d Cir. 1999) (Court correctly dismissed plaintiff's RICO claim for failure to make particular allegations of fraud).

Beecher apparently is alleging ("upon information and belief") that River Ridge, Holzer, Zumpano, Ruh, and Beale committed mail and/or wire fraud by fraudulently preparing and filing River Ridge's state and federal tax returns by using mail and/or wire transmissions (see Compl. ¶¶ 147, 149, 158).

The facts alleged are insufficient to support a claim of mail and/or wire fraud. The Complaint fails to allege that Zumpano or Ruh willfully attempted to evade River Ridge's tax obligations by engaging in activities necessary to complete the scheme, i.e., signing and mailing the presumed false tax returns. No allegations specify the exact forms prepared and filed, the years the returns were prepared and filed, and how and when they were allegedly mailed by Zumpano or Ruh. Motive and opportunity to commit fraud also are not set forth because the Complaint contains no indication how the alleged scheme caused Zumpano and Ruh to profit financially.

The Complaint also fails to allege activities that affected interstate or foreign commerce. Every allegation refers to activity in Westchester County. Accordingly, these claims should be dismissed.

Beecher also alleges that "defendants" committed bank fraud (Comp. ¶ 3). To establish bank fraud under 18 U.S.C. § 1344, Beecher must show that a defendant:

> knowingly executes, or attempts to execute, a scheme or artifice – (1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises; . . .

The scheme to defraud clause of the bank fraud statute requires a showing of the defendant's intent to victimize the institution by exposing it to actual or potential loss. *United States v. Barrett*, 178 F.3d 643, 648 (2d Cir. 1999); *United States v. Stavroulakis*, 952 F.2d 686, 694 (2d Cir. 1992).

The Complaint's "information and belief" bank fraud allegation is completely insufficient. Beecher does not set forth Zumpano's or Ruh's intent to victimize a bank by exposing it to loss. The Complaint does not allege how any of the defendants allegedly defrauded any institution or obtained money from the institution by false pretenses. No allegations state how the alleged bank fraud affected interstate commerce. Indeed, the Complaint does not even identify which defendants committed bank fraud and does not identify the financial institution

that was allegedly defrauded. Accordingly, Beecher's RICO claims should be dismissed as facially insufficient.

If the RICO counts are not dismissed for lack of standing or facial insufficiency, then summary judgment should nevertheless be granted dismissing them as to Zumpano and Ruh. Zumpano and Ruh were not responsible for River Ridge's state and federal tax returns and had nothing to do with preparing or filing them. They also had no dealing with River Ridge's banks. These tasks were clearly beyond their duties as the part-time stable manager and office secretary. (Zumpano Decl. ¶ 2; Ruh Decl. ¶ 2). Furthermore, Zumpano and Ruh never communicated with Beecher by mail, email, or telephone.

Beecher's remaining claims "on information and belief" that "defendants" (without any particularity as to Ruh or Zumpano) violated child labor laws, converted corporate assets, altered boarders' checks, unlawfully leased county-owned property to third-parties and gained financially at the expense of the boarders (Compl. ¶ 4) do not describe activities affecting interstate commerce or constituting predicate RICO acts and do not allege any injury to Beecher herself.

## II.     Plaintiff's First Amendment Claim Should Be Dismissed.

Beecher asserts violations of her First Amendment rights, yet she alleges no state action. In order to state a claim under the First Amendment, a party must allege some form of state action. *Evans v. Verdon*, 1992 WL 486299 *2 (E.D.N.Y.); *United Bhd. of Carpenters and Joiners v. Scott*, 463 U.S. 825, 831, 103 S.Ct. 3352, 3357 (1983). Here, Beecher alleges that defendants River Ridge,

Holzer, Zumpano and Ruh violated her freedom of speech, apparently by attempting to evict her and denying her various rights as a boarder in retaliation for her exposure of their alleged illegal activity (Compl. ¶¶ 207-218, 257). River Ridge is not a governmental entity, and Holzer, Zumpano and Ruh are not government employees; therefore their alleged wrongful conduct cannot qualify as state action. *Quintana v. Medical Research Assoc., P.C.*, 1995 WL 567122 (S.D.N.Y. 1995) ("The protections afforded by the First Amendment apply only to state action, and do not apply to the actions of private persons or entities"). Accordingly, Beecher's First Amendment claim should be dismissed.

### III.     The State Law Claims Should Be Dismissed.

Beecher's state claims should be dismissed because the Court lacks subject matter jurisdiction over them. It is well established that when a case presents both federal and pendent state claims and the federal claims are dismissed, the state claims must be dismissed as well. *Cine 42nd St. Theater Corp. v. Netherlander Org., Inc.*, 609 F. Supp. 113, 119 (S.D.N.Y. 1985) ("simply put, once federal claims are dismissed, the federal court has no subject matter jurisdiction over the pendent claims"); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139 (1966) (federal courts should not retain state law claims if the federal ones on which jurisdiction is based are dismissed or if the state issues predominate).

Here, Beecher's federal claims should not survive this motion. Therefore, it is respectfully submitted that this Court should not retain

supplemental jurisdiction over Beecher's remaining state law claims for fraud, harassment or intentional infliction of emotional distress.

These claims are also insufficiently alleged. Indeed, New York does not recognize a civil cause of action for harassment. *Hartman v. 536/540 E.5th Str. Equities, Inc.*, 19 A.D.3d 240, 797 N.Y.S.2d 73 (1st Dep't 2005). The circumstances constituting the state law claims for fraud are completely unspecified. And the emotional distress claim is apparently based solely on River Ridge, Holzer, Zumpano and Ruh supposedly having tried to evict Beecher from the stable or deny her various claimed rights as a boarder (since these are the only actions alleged to have affected her personally). Such alleged actions obviously cannot support a cause of action for intentional infliction of emotional distress.

## **CONCLUSION**

For all these reasons, Zumpano's and Ruh's motion should be granted in its entirety, and the Complaint should be dismissed or, in the alternative, it should be dismissed as to Zumpano and Ruh.

Dated:   New York, New York
         May 12, 2009

Respectfully submitted,

MENAKER & HERRMANN LLP

By: _____
        Allison C. Pierre (AP-8980)

Attorneys for Defendants
Anthony Zumpano and Jeanne Ruh
10 East 40th Street
New York, NY 10016
(212) 545-1900