Richard G. Menaker (RM-4716)
Allison C. Pierre (AP-8980)
Menaker & Herrmann LLP
10 East 40th Street
New York, New York 10016
(212) 545-1900
*Attorneys for Defendants*
*Anthony Zumpano and Jeanne Ruh*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ROXANNE TORRES BEECHER,

                    Plaintiff,        08 CIV. 6062

        -against-

RIVERDALE RIDING CORPORATION d/b/a RIVER RIDGE EQUESTRIAN CENTER, CHARLES RUSTIN HOLZER a/k/a RUSTY HOLZER, ANTHONY ZUMPANO, JEANNE RUH, THEODORE BEALE, JR., a/k/a TEDDY BEALE, ABC CORPORATION, a fictitious corporation, and the COUNTY OF WESTCHESTER,

                    Defendants.

------------------------------------------------------------------X

**REPLY MEMORANDUM OF DEFENDANTS RUH AND ZUMPANO
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

July 15, 2009

# Table of Contents

|  | Page |
|---|---|
| Table of Authorities | ii |
| Preliminary Statement | 1 |
| Argument | 1 |
| I. The Complaint Lacks the Essential Elements of a Civil RICO claim | 1 |
| II. Plaintiff Lacks Standing to Sue under RICO | 4 |
| III. Plaintiff's Motion for Discovery under Rule 56(f) is Futile Because the the Complaint is Defective | 6 |
| Conclusion | 8 |

# Table of Authorities

**Cases**

*Alcantara v. City of New York*, 2009 WL 1767624 (S.D.N.Y.) ............................... 6

*Asarco Inc. v. Kadish*
    490 U.S. 606,109 S.Ct. 2037, 104 L.Ed 2d 696 (1989) ................................ 5

*Aschcroft v. Iqbal*
    ___U.S.___, 129 S.Ct. 1937 (2009) .............................................................. 2

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544 (2007) ..................................................................................... 2

*Board of Educ. of the Mt. Sinai Union Free School Dist. v. New York State Teacher's Retirement System*
    60 F.3d 106 (2d Cir. 1995) ........................................................................... 4

*Dennis v. Local 804, L.B.T. Union*
    2009 WL 147384 (S.D.N.Y.) ...................................................................... 2

*Evans v. Verdon*
    1992 WL 486299 (E.D.N.Y.) ...................................................................... 7

*Four Star Capital Corp. v. AGS Computers, Inc.*
    183 F.R.D. 91, 1997 WL 598411 (S.D.N.Y. 1997) ..................................... 6

*Kimm v. Chang Hoon Lee and Champ, Inc.*
    196 Fed. Appx. 14, 2006 WL 2240230 (2d Cir. 2006) ................................ 4

*Schlesinger v. Reservists Committee to Stop the War*
    418 U.S. 208 (1974) ..................................................................................... 5

*Player, Inc. v. City of New York,*
    371 F.Supp.2d 522 (S.D.N.Y. 2005) ............................................................ 4

**Statutes**

18 U.S.C. § 1961(1) ................................................................................................ 2,4

**Rules**

Fed. R. Civ. P 12(c) ................................................................................................... 1

Fed. R. Civ. P. 56(f) ............................................................................................... 1,6

## PRELIMINARY STATEMENT

Defendants Anthony Zumpano ("Zumpano") and Jeanne Ruh ("Ruh"), two employees of defendant River Ridge, have moved for judgment on the pleadings under Fed. R. Civ. P. 12(c) or for summary judgment under Fed. R. Civ. P. 56 on the grounds that plaintiff's amended complaint (the "complaint") cannot support a viable federal claim. Specifically, the allegations in the complaint do not, and cannot, constitute the minimum elements of a RICO violation. Nor can plaintiff show that she has standing to assert under an action under RICO or any other federal law.

In response to defendants' motion, plaintiff has moved for discovery under Fed. R. Civ. P. 56(f), arguing that the information she expects to discover is necessary for her to oppose the motion. But discovery would not enable plaintiff to cure the complaint's defects. What plaintiff lacks is not information but a set of circumstances that come within the purview of any federal statute. And she is in any event not a person who has been injured in her business or property or by any RICO-covered act. Accordingly, Plaintiff's 56(f) motion should be denied, and the Court should dismiss the complaint of both employee defendants.

## ARGUMENT

### I. The Complaint Lacks the Essential Elements of a RICO Claim.

The complaint does not contain factual assertions that constitute RICO violations. To survive a motion to dismiss under Fed. R. Civ. P 12(c), a

complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Aschcroft v. Iqbal*, __U.S.__, 129 S.Ct. 1937, 1950 (2009). While the pleading does not have to contain detailed factual allegations, a plaintiff must provide more than "labels and conclusions . . . a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Here, the pleading fails to set forth the requisite predicate acts of RICO enumerated in 18 U.S.C. § 1961(1), and does not describe activities that have affected interstate or foreign commerce. Instead, plaintiff lists various conclusory allegations asserted "upon information and belief" masquerading as facts. *See Dennis v. Local 804, L.B.T. Union*, 2009 WL 147384 * 13 (S.D.N.Y) (grant of summary judgment when complaint contains only legal conclusions masquerading as factual conclusions).

Plaintiff asserts that defendants committed the predicate act of bank fraud by misappropriating funds for their personal use (Plaintiff's Decl. ¶ 9). Plaintiff nevertheless fails to set forth Zumpano's and Ruh's intent to victimize a bank by exposing it to loss or how this affected interstate commerce. Indeed, the complaint does not specify even which defendants committed bank fraud or identify the institution that was allegedly defrauded.

Plaintiff further claims that defendants committed the predicate act of mail and wire fraud by filing fraudulent income tax returns (Plaintiff Decl. ¶ 9). Plaintiff appears to have recast a tax evasion allegation as a racketeering activity. There is no indication of how defendants Ruh and Zumpano, as mere employees, were involved in tax evasion by the corporate defendant. In particular, the complaint fails to allege that Zumpano and Ruh willfully attempted to evade River Ridge's tax obligations by engaging in activities necessary to complete the scheme, i.e., signing and mailing the presumed false tax returns. No allegations indicate the tax forms prepared and filed, the years the returns were submitted or how they were allegedly mailed by Zumpano and Ruh. The complaint also fails to allege activities that affected interstate or foreign commerce. Every allegation refers to activity in Westchester County.

Finally, plaintiff claims that the defendants were involved in a "bust out" scheme, i.e., that defendants: (1) failed to remit all rental payments and monies to Westchester County; (2) failed to maintain River Ridge; (3) failed to make renovations; (4) failed to pay sales tax to New York State Department of Taxation and Finance; (5) committed tax evasion; (6) violated state and federal child labor laws; (7) converted corporate assets; (8) altered boarder checks; (9) unlawfully leased county-owned property; and (9) gained financially at Westchester County taxpayer's expense (Plaintiff Notice of Motion at 4-5). None of these allegations, however, constitutes any of the predicate acts of RICO

enumerated in 18 U.S.C. § 1961(1) and they do not describe activities that affected interstate or foreign commerce.

Other than her conclusory allegations about the foregoing, none of which affected her directly, plaintiff makes no serious effort to present any substantive basis for overcoming the present motion. Instead, she demands discovery. But as shown below (Point III *infra*), the supposed need for discovery is not a defense to summary judgment when the complaint itself is deficiently pleaded as to the basic elements of the claim. A party resisting summary judgment on the grounds that the party needs additional discovery must show that those facts sought are reasonably expected to create a genuine issue of material fact. *Player, Inc. v. City of New York*, 371 F.Supp.2d 522, 529 (S.D.N.Y. 2005). Plaintiff has failed to meet this requirement.

### II.  Plaintiff Lacks Standing to Sue under RICO.

In addition, plaintiff has no standing to assert a private civil RICO claim in federal court because she has asserted no concrete financial loss or injury to her business or property. *Kimm v. Chang Hoon Lee and Champ, Inc.*, 196 Fed. Appx. 14, 2006 WL 2240230 * 16 (2d Cir. 2006). Plaintiff argues that she has standing because she is a New York state taxpayer (Plaintiff Decl. ¶ 6). But it is not sufficient for plaintiff to allege standing simply because she pays state taxes. *Board of Educ. of the Mt. Sinai Union Free School Dist. v. New York State Teacher's Retirement System*, 60 F.3d 106, 110 (2d Cir 1995) ("State taxpayers, like federal taxpayers, do not have standing to challenge the actions of state

government simply because they pay taxes to the state."). Plaintiff must allege that she has sustained injury to a direct and particular financial interest. *Asarco Inc. v. Kadish*, 490 U.S. 606, 613 (1989) ("[W]e have likened state taxpayers to federal taxpayers, and thus we have refused to confer standing upon a state taxpayer absent a showing of 'direct injury....'").

Plaintiff argues that she has sustained injury to her property because the property on which River Ridge (the "Property") is located has diminished in value. She apparently considers the Property to be "her property" because she is a Westchester County taxpayer (Plaintiff Decl. ¶ 6). Plaintiff claims that the Property diminished in value because defendant Westchester County (the "County") violated the General Municipal Law by awarding a lease agreement to defendant River Ridge and failed to enforce the lease agreement's renovation requirements which caused waste and injury to the Property (Plaintiff Decl. ¶ 6).

This allegation however does not amount to a direct and particular injury to plaintiff. Her alleged injury is abstract and would be shared by the public, i.e., other Westchester County taxpayers. *See Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 219-221 (1974) (an abstract injury shared by the public will not suffice). Plaintiff appears to argue that a party has standing to assert a private RICO action in federal court for mismanagement of a facility on county-owned property. She cites no authority for that contention. If any cause of action exists, it would be for breach of contract and would have to be

brought by the County against River Ridge. Plaintiff is simply the wrong party to assert such a claim.

### III. Plaintiff's Motion for Discovery Under Rule 56(f) is Futile Because the Complaint is Defective.

The main argument advanced by plaintiff is that discovery will cure the complaint's defects (Plaintiff Decl. ¶¶ 4-10). That contention misperceives the function of Fed. R. Civ. P. 56(f). Rule 56(f) provides a way for parties opposing a motion for summary judgment to obtain critical information needed to oppose summary judgment before a court rules on the motion. *Four Star Capital Corp. v. AGS Computers, Inc.*, 183 F.R.D. 91, 99, 1997 WL 598411 *4 (S.D.N.Y. 1997). The party opposing summary judgment must describe the specific information needed and show how it will create a genuine issue of fact. *Alcantar v. City of New York*, 2009 WL 1767624 *13 (S.D.N.Y.). Rule 56(f) does not apply here because the complaint is insufficient on its face and subject to dismissal by judgment on the pleadings.

Plaintiff claims to seek discovery to show that defendants participated in a "bust out" scheme (Plaintiff's Notice of Motion at 4). Plaintiff claims that on several occasions defendant Holzer negotiated lease agreements with county governments to run public equestrian centers. The agreement's terms required Holzer to make renovations and in return the supposedly counties permitted Holzer to pay below market rent. Plaintiff alleges that Holzer

intentionally failed to make the renovations and would instead "bust out" of the business and depart with whatever money and assets he earned.

But none of the foregoing activity is attributed to Ruh and Zumpano. Plaintiff does not show how any discovery would disclose information that would tie those defendants as individuals to any "bust out" scheme.

Plaintiff claims discovery will show that defendants violated her First Amendment rights by attempting to evict her for her cooperation in state and federal investigations (Plaintiff Decl. ¶ 9). In order to state a claim under the First Amendment, however, a party must allege some form of state action. *Evans v. Verdon*, 1992 WL 486299 *2 (E.D.N.Y.). Here, Plaintiff alleges that defendants violated her freedom of speech by attempting to evict her as a boarder in retaliation for her exposure of their alleged illegal activities. However, River Ridge is not a governmental entity, and Zumpano and Ruh are not government employees; therefore their alleged wrongful conduct cannot qualify as state action. Any discovery on this claim would be futile in raising a triable issue of fact.

## CONCLUSION

For all these reasons, Zumpano's and Ruh's motion should be granted in its entirety, and the complaint should be dismissed in all respects as to Zumpano and Ruh.

Dated: New York, New York
July 15, 2009

Respectfully submitted,

MENAKER & HERRMANN LLP

By: _____
Allison C. Pierre (AP-8980)

Attorneys for Defendants
Anthony Zumpano and Jeanne Ruh
10 East 40th Street
New York, NY 10016
(212) 545-1900